# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MELANIE GLASS-WYBLE, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:19-00072-KD-N |
| | ) |
| GEICO CASUALTY COMPANY, <br>     Defendant. | ) <br> ) |

## REPORT AND RECOMMENDATION

This action is before the Court on the motion to remand under 28 U.S.C. § 1447(c) (Doc. 6) filed by Plaintiff Melanie Glass-Wyble. The assigned District Judge has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/6/2019 electronic reference). Defendant Geico Casualty Company (asserting that it has been misidentified in the complaint as "Geico Insurance Company") (hereinafter, "Geico") timely filed a response (Doc. 13) in opposition to the motion, and Glass-Wyble timely filed a reply (Doc. 14), and the motion to remand is now under submission (*see* Doc. 9).

Upon consideration, and pursuant to § 636(b)(1)(B)-(C) and Rule 72(b)(1), the undersigned will recommend that the Court grant Glass-Wyble's motion to remand (Doc. 6).

## I. *Background*

Glass-Wyble commenced this case on November 27, 2018, by filing a three-count complaint in the Circuit Court of Mobile County, Alabama (*see* Doc. 1-2 at 2 –

7; Doc. 7 at 3 – 8),[1] alleging causes of action arising from a September 8, 2018 automobile accident involving an unknown driver who fled the scene. Counts One and Two of the complaint assert causes of action for negligence and wantonness against fictitious defendants, while Count Three asserts a breach-of-contract claim against Geico for benefits under a policy for uninsured/underinsured motorist insurance, "whereby GEICO would pay all sums which an insured would be legally entitled to recover from [an] uninsured/underinsured motorist." On February 20, 2019, Geico removed the case to this Court under 28 U.S.C. § 1441(a). (*See* Doc. 1).[2]

---

[1] Because the copy of the complaint attached to the initial notice of removal (Doc. 1-2 at 2 – 7) is largely illegible, Geico was ordered to supplement the record with a "clear, legible copy of the complaint" (Doc. 4), which it did (*see* Doc. 7). The undersigned will hereinafter refer only to the supplemental copy of the complaint (Doc. 7 at 3 – 8).

[2] Geico's notices of removal are each actually styled a "petition for removal," and the prayer for relief in Glass-Wyble's motion to remand actually requests that the Court deny the petition. (*See* Doc. 6 at 8 ("[T]he Defendant GEICO has not met their burden in showing that the Plaintiff's demands or the amount-in-controversy in this case exceeds $75,000.00. Thus, the Defendant's Petition for Removal is due to be DENIED.")). Geico's use of "petition for removal" is outdated, as 28 U.S.C. § 1446(a) was amended by the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, § 1016, 102 Stat. 4669, to substitute "notice of removal" for "petition for removal." *See Greer v. Skilcraft*, 704 F. Supp. 1570, 1575 (N.D. Ala. 1989). When removal was effectuated by a petition, a "state court [wa]s not bound to surrender jurisdiction unless the petition for removal show[ed] that the cause [wa]s a removable one. If a prima facie case for removal [wa]s not shown by the record, the state court [could] refuse to remove." *Morgan v. Kroger Grocery & Baking Co.*, 96 F.2d 470, 472–73 (8th Cir. 1938) (citations omitted). A notice of removal, on the other hand, cannot be "denied," as Glass-Wyble requests, since it is effective immediately upon the filing of a copy of the notice in state court; instead, a party opposed to removal must seek remand under § 1447(c). *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). However, these technical misstatements do not obscure the substance of what the parties respectively wish to accomplish by their filings.

In response to an order of the Court directing Geico to correct certain deficiencies in its allegations of the parties' citizenships (Doc. 10), Geico filed an amended notice of removal (Doc. 11).

## II. *Analysis*

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).[3] *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Geico alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for this Court's original jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284,

---

[3] The Court is not limited to matters raised by the parties in determining the existence of subject matter jurisdiction. "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

1287 (11th Cir. 1998). Thus, a " 'party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.' " *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[4] Diversity jurisdiction also requires that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 & n.4 (11th Cir. 2010). Glass-Wyble argues only that Geico cannot demonstrate that the requisite amount in controversy is satisfied.[5]

---

[4] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *E.g.*, *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[5] Geico's amended notice of removal alleges that Glass-Wyble, a natural person, is a citizen of Alabama, *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."), and that Geico, a corporation, is a citizen of Maryland, the state both under whose laws it was incorporated and where it has its principal place of business, *see* 28 U.S.C. § 1332(c)(1). (Doc. 11, ¶ 4). Disregarding citizenship of the fictitious defendants, *see* 28 U.S.C. § 1441(b)(1), Geico's allegations sufficiently demonstrate that there is complete diversity of citizenship among the parties. Glass-Wyble concedes "that Diversity of Citizenship exists between the parties" (Doc. 6 at 1), and the undersigned finds no reason at present to question Geico's allegations *sua sponte*. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

The citizenship exception in § 1332(c)(1) for certain "direct actions" against

4

The complaint alleges that Glass-Wyble was traveling on Interstate 10 in Mississippi when an unknown driver of a pickup truck rear-ended a vehicle traveling behind Glass-Wyble, causing that vehicle "to be propelled into the rear of [Glass-Wyble]'s vehicle." (Doc. 7 at 4). According to the complaint, "[a]s a result of the accident, [Glass-Wyble] was made sick, sore, bruised, and contused[,] suffered injuries about her body, pain from those injuries, and will so suffer in the future." (*Id.* at 5). Glass-Wyble describes these as "severe personal injuries to her body..." (*Id.* at 6 – 7). She also claims that she "has incurred medical bills and expenses, has been forced to undergo painful medical treatment,...will incur future medical bills and expenses[,] has also suffered severe physical pain and mental anguish related to the injuries she sustained and will suffer future physical pain and mental anguish related to the injuries she sustained." (*Id.*).

No count demands a sum certain. Count One demands "compensatory damages in an amount in excess of the jurisdictional limits of [the Alabama circuit c]ourt, plus interest and costs[,]" while Count Two contains an otherwise identical demand for "compensatory and punitive damages..." (Doc. 7 at 6 – 7).[6] Count

---

insurers does not apply in this case. Because Glass-Wyble is suing her own insurer, rather than a tortfeasor's insurer, this action is not a "direct action" as contemplated by § 1332(c)(1). *See Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014) ("[C]ourts have uniformly defined the term 'direct action' to refer to those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." (emphasis and quotation marks omitted)).

[6] Alabama circuit courts "have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds six thousand dollars ($6,000), exclusive of interest and costs." Ala. Code § 12-11-30(1). Thus, a demand for damages "in excess of the jurisdictional limits" of a circuit court establishes, at most, that the amount in controversy exceeds $10,000, exclusive of

Three, the only one asserted against Geico, alleges that "[t]here are applicable policies of insurance with GEICO to cover [Glass-Wyble]'s injuries and damages as set forth hereinabove" and "demands judgment…for the amount of insurance under each policy issued by [Geico] and applicable hereto with interest and costs of this action." (*Id.* at 7 – 8).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "What counts is the amount in controversy at the time of removal. It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation and quotation omitted). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams*, 269 F.3d at 1319. *Accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).[7] "A court may rely on evidence put forward by the removing defendant,

---

interest and costs.

[7] The undersigned disagrees with Geico's assertion that the requisite amount in controversy is apparent solely on the face of the complaint. The Eleventh Circuit has found that a similarly pleaded complaint, without more, "failed to show that the amount in controversy more likely than not exceeds $75,000." *See Williams*, 269 F.3d at 1318-20 ("Williams filed a complaint in the State Court of Fulton County,

6

as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness*, 745 F.3d at 1315.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly[,]" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Nevertheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "[W]hen a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the

---

Georgia, alleging that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. In addition to permanent physical and mental injuries, the complaint alleges that Williams incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. The complaint then alleges that Williams will continue to experience each of these losses for an indefinite time into the future. For these injuries, the complaint seeks general damages, special damages, and punitive damages in unspecified amounts…In this case, it is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000."); *Also cf. Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783–84 (11th Cir. 2014) (per curiam) (unpublished) ("MetroPCS notes that Porter's demand for attorney's fees, costs, and punitive damages must be included in the calculation of the amount in controversy. MetroPCS then informs us that attorney's fees and costs can equal thirty percent of the recovery. Worse still, punitive damages can add up to nine times compensatory damages. We do not doubt that this is the case. Unfortunately for MetroPCS, those multiples do us no good without a base amount to multiply. Any concrete amount we derive from them would be hopelessly speculative. []The notice of removal then cites the 'substantial' costs of complying with the equitable relief Porter seeks. We are certain that the costs of compliance would be substantial. Like the fees, costs, and punitive damages, though, MetroPCS fails to put any concrete number on these compliance costs. Using them to calculate the amount in controversy would again require us to engage in unguided speculation. This we cannot do." (citations omitted)).

plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[, t]hat kind of reasoning is not akin to [impermissible] conjecture, speculation, or star gazing" as to amount in controversy. *Id.*

Geico reads Count Three of the complaint as demanding the full $300,000 limit of Glass-Wyble's uninsured/underinsured motorist insurance policy. (*See* Doc. 1-5 [Insurance Policy Declarations Page]). However, the undersigned agrees with Glass-Wyble that, considering her complaint as a whole, she is not in fact demanding the full limit, but is instead merely demanding that Geico cover all damages for which the uninsured/underinsured fictitious defendants would be liable for in Counts One and Two. *See* Doc. 7 at 5 ("At the time of the accident, Defendant, GEICO, had in full force and effect a policy of insurance covering the Plaintiff under Policy #4480881632. Said insurance policy provided uninsured motorist coverage to the Plaintiff in the event she was involved in a collision with an uninsured/underinsured motorist, whereby GEICO would pay all sums which an insured would be legally entitled to recover from said uninsured/underinsured motorist."), 7 (from Count Three: "There are applicable policies of insurance with GEICO to cover Plaintiff's injuries and damages as set forth hereinabove.")). Accordingly, the amount in controversy must be ascertained from what Glass-Wyble can reasonably be expected t

Geico also submits a letter dated October 25, 2018, from Glass-Wyble's pain management physician to one of Glass-Wyble's attorneys(Doc. 11 at 9 – 10),[8] which

---

[8] As Glass-Wyble correctly points out, while the physician letter was described in Geico's initial notice of removal, it was not attached as an exhibit. Instead, Geico attached a copy of the letter to its amended notice of removal. While the Court's order directing Geico to file an amended notice of removal to correct its allegations

8

provides additional information about the injuries Glass-Wyble sustained in the subject car accident, the treatment she has undergone and will have to undergo as a result of the accident, and the effects of her injuries on her ability to work. More specifically, the letter provides the following pertinent information:

- As a direct result of the subject accident, Glass-Wyble sustained injuries to her cervical and lumbar spine and left knee, and also developed insomnia and situational anxiety while driving.
- "Lumbar studies are significant for degenerative changes and lateral stenosis."
- "Her current medical treatment includes physical therapy and medication management" but "will more probably than not require cervical and lumber epidural injections. She has also been referred for a surgical evaluation…" She will also "require future medical treatment including medication management, physical therapy, cervical and lumber epidural injections, and possible surgical treatment…"
- Glass-Wyble was "completely asymptomatic with respect to her cervical and lumbar issues" prior to the subject accident. She was evaluated for a left knee complaint in July 2017 which improved with treatment, but the subject accident has exacerbated her left knee pain.
- "All medical treatments including Urgent Care, imaging studies, physical therapy and medications have been medically necessary and a direct result of"

---

regarding the parties' citizenships did not expressly give leave to also attach additional evidence in support of amount in controversy (*see* Doc. 10), the undersigned nevertheless notes that the amended notice of removal was filed prior to the deadline for Geico to file its response to the motion to remand. (*See* Doc. 9). Accordingly, the undersigned finds that the letter was timely presented so as to be considered in conjunction with the motion to remand. *See also Pretka*, 608 F.3d at 772-74 (courts can consider post-removal evidence submitted in response to a motion to remand).

the subject accident.

- Glass-Wyble is only able to return to part-time work as a registered nurse due to her injuries from the accident because she "cannot perform the physical duties of a full time registered nurse." These limitations have "limited her employment opportunities" and resulted "in a significant loss of wages…"

(Doc. 11 at 9 – 10).[9] Geico highlights those portions of the letter discussing how the accident has limited Glass-Wyble's ability to work, asserting that they show "a

---

[9] The undersigned rejects Glass-Wyble's argument that the Court should disregard Geico's evidence discussed herein because none of those documents qualifies as "an amended pleading, motion, order or other paper" under 28 U.S.C. § 1446(b)(3). In support of this assertion, Glass-Wyble relies primarily on the following observation from *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007): "What constitutes 'other paper[]'…has been developed judicially. Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include: responses to request for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and email estimating damages." 483 F.3d at 1212 n.62 (citations omitted) (alterations added).

First, *Lowery* in no way purported to hold that the foregoing list of what qualifies as an "other paper" was exclusive. Second, and more importantly, this action was not removed under § 1446(b)(3) (providing that, generally, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable") (previously referred to as the "second paragraph" of § 1446(b)). Rather, Geico's notice of removal expressly states, unchallenged by Glass-Wyble, that it was filed "within thirty (30) days after the day [Geico] was served with the Summons and Complaint" (Doc. 1 at 2; *see also* Doc. 1-1 (letter from Geico's counsel accepting service of process "as of February 1, 2019")), thus availing itself of removal under § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.") (i.e. the "first paragraph" of § 1446(b)), which does not contain a similar "other paper" provision. *See Pretka*, 608 F.3d at 763 ("Interpreting the language from the second paragraph of § 1446(b) in a case where the removal was

10

significant loss of earning capacity as a result of the accident…" (Doc. 13 at 7). However, that information is not relevant to determining whether § 1332(a)'s amount in controversy was satisfied at the time of removal in this case, since nowhere in her complaint does Glass-Wyble claim lost wages, a decrease in earning capacity, etc., as part of her damages. While the physician's letter does provide additional details regarding Glass-Wyble's claims for medical expenses, pain and suffering, and mental anguish, nowhere does it indicate a concrete sum as to the value of any of these damages, and none of the details it provides is of so convincing a character as to make it "more likely than not" that the value of Glass-Wyble's claims exceeds $75,000, exclusive of interests and costs. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). For the Court to conclude otherwise, it "would necessarily need to engage in impermissible speculation…" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007).

In sum, Geico has failed to meet its burden of proving § 1332(a)'s requisite amount in controversy by a preponderance of the evidence. Therefore, this case is due to be remanded to state court under § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[10]

---

under that paragraph is one thing. Implicitly reading that language into the first paragraph of that subsection, where it does not exist, is another thing entirely…We are not persuaded to cut and paste language from one part of § 1446(b) into another part."); *id.* at 758-59 (explaining that the panel "did not believe that Congress…altered the traditional understanding that defendants could offer their own affidavits or other evidence to establish federal removal jurisdiction" either in enacting § 1446 and in amending it in 1949 to include the "second paragraph" of § 1446(b)); *Roe*, 613 F.3d at 1061 n.4 ("In § 1446(b) first-paragraph cases, the removing defendant may present additional evidence—business records and affidavits, for instance—to satisfy its jurisdictional burden. *See Pretka,* 608 F.3d at 753–54.").

[10] "An order remanding the case may require payment of just costs and any actual

### III. *Conclusion*

Under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS**, in accordance with the foregoing analysis, that Glass-Wyble's motion to remand (Doc. 6) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c).

**DONE** this the 23rd day of April 2019.

*/s/Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, Glass-Wyble has not requested any such payment in her motion to remand, and the undersigned finds that payment should not otherwise be required, since Geico's position with regard to the propriety of removal was presented in good faith.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.